```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

            v.                          12 Cr. 863 (LAP)

KEVIN HENDERSON,
                                        Plea
                Defendant.

------------------------------x

                                        New York, N.Y.
                                        July 21, 2014
                                        3:10 p.m.

Before:

        HON. LORETTA A. PRESKA

                                        District Judge


          APPEARANCES


PREET BHARARA
     United States Attorney for the
     Southern District of New York
DANIEL B. TEHRANI
     Assistant United States Attorney


JOSHUA DRATEL
     Attorney for Defendant
```

1               (Case called)
2               MR. TEHRANI:  Good afternoon, your Honor.  Daniel
3    Tehrani for the government.
4               MR. DRATEL:  Good afternoon, Joshua Dratel for Mr.
5    Henderson, who is standing beside me.
6               THE COURT:  Thank you.  Good afternoon.  Am I correct,
7    Mr. Dratel, that Mr. Henderson has decided he wishes to change
8    his plea?
9               MR. DRATEL:  That is correct, your Honor.  He wishes
10   to enter a plea of guilty to Count One.
11              THE COURT:  Mr. Henderson, would you stand and raise
12   your right hand.
13              (Defendant sworn)
14              THE COURT:  Sir, do you understand that you are now
15   under oath and if you answer my questions falsely, your answers
16   may later be used against you in a prosecution for perjury or
17   the making of a false statement?
18              THE DEFENDANT:  Yes.
19              THE COURT:  How old are you, sir?
20              THE DEFENDANT:  33 years old, ma'am.
21              THE COURT:  Where were you born?
22              THE DEFENDANT:  Brooklyn, New York.
23              THE COURT:  So you're a citizen of the United States?
24              THE DEFENDANT:  Yes.
25              THE COURT:  You read, write, speak, and understand

1  English, is that right?
2          THE DEFENDANT:  Yes, ma'am.
3          THE COURT:  How far did you go in school, sir?
4          THE DEFENDANT:  Seventh grade.
5          THE COURT:  Are you currently or have you recently
6  been under the care of a doctor or a psychiatrist?
7          THE DEFENDANT:  Yes.
8          THE COURT:  For what ailments, please, sir?
9          THE DEFENDANT:  A death that I had.
10         THE COURT:  I'm sorry?
11         THE DEFENDANT:  A death that I had.
12         MR. DRATEL:  A death in the family, your Honor, very
13  recently.
14         THE COURT:  You're seeing a psychologist?
15         THE DEFENDANT:  Yes.
16         THE COURT:  Are you on any medication from the
17  psychologist, sir?
18         THE DEFENDANT:  No.
19         THE COURT:  Thank you.  Have you been hospitalized or
20  treated recently for alcoholism, narcotic addiction, or any
21  other kind of drug abuse?
22         THE DEFENDANT:  No, ma'am.
23         THE COURT:  Have you ever been treated for any form of
24  mental illness other than the recent death in your family?
25         THE DEFENDANT:  No.

1    THE COURT:  Are you currently under the influence of
2 any substance, such as alcohol, drugs, or any medication that
3 might affect your ability to understand what you are doing here
4 in court today?
5    THE DEFENDANT:  No.
6    THE COURT:  Do you feel well enough to understand what
7 you are doing here in court today?
8    THE DEFENDANT:  Yes.
9    THE COURT:  Now, sir, have you received a copy of the
10 indictment against you S2 12 Cr. 863?
11    THE DEFENDANT:  Yes.
12    THE COURT:  Have you gone over it with Mr. Dratel?
13    THE DEFENDANT:  Yes.
14    THE COURT:  Has he explained to you the charges
15 against you?
16    THE DEFENDANT:  Yes.
17    THE COURT:  Have you told him everything you know
18 about the matters that are set out in the indictment?
19    THE DEFENDANT:  Yes.
20    THE COURT:  You haven't held anything back from him,
21 have you, sir?
22    THE DEFENDANT:  No.
23    THE COURT:  Thank you.
24    Counsel, do I correctly understand that there is a an
25 agreement between the government and Mr. Henderson that is

1  dated July 11, 2014 and signed July 21, 2014?

2             MR. TEHRANI:  That's correct, your Honor.

3             MR. DRATEL:  Yes, your Honor.

4             THE COURT:  Mr. Tehrani, would you be kind enough to
5  summarize, please, the terms and conditions of the agreement.

6             MR. TEHRANI:  Certainly, your Honor.  Pursuant to the
7  plea agreement, the government agrees to accept a guilty plea
8  to the lesser included offense of conspiracy to distribute and
9  possess with intent to distribute crack cocaine in violation of
10 Title 21, United States Code, section 841(b)(1)(C) and 846.  In
11 the indictment the defendant is charged with a violation of
12 Title 21, United States Code, section 841(b)(1)(B).

13            The parties have agreed on a stipulated guideline
14 range, which in this case is 151 to 188 months' imprisonment.
15 The parties agree that that is an agreement between the parties
16 and it does not bind either probation or the Court.  The
17 defendant has agreed that he will not appeal or otherwise
18 collaterally challenge any sentence within or below the
19 guidelines range of 151 to 188 months' imprisonment.

20            THE COURT:  Thank you.

21            Mr. Henderson, are those the terms and conditions of
22 the agreement as you understand them?

23            THE DEFENDANT:  Yes.

24            THE COURT:  Do you recall, sir, that in this agreement
25 you and the government have agreed to a stipulated guidelines

1  range of 155 to 188 months' imprisonment?

2          MR. DRATEL:  151, your Honor.

3          THE COURT:  151.  Thank you for that correction, Mr.
4  Dratel.

5          THE DEFENDANT:  Yes.

6          THE COURT:  Let me ask you again, sir, just so that
7  I'm not confused.  Do you recall, sir, in this agreement that
8  you and the government have agreed to a stipulated guidelines
9  range of 151 to 188 months' imprisonment?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Do you recall that in this agreement you
12  have agreed not to appeal or otherwise litigate a sentence that
13  is within or below that 151- to 188-month range?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Sir, have you had enough time to review
16  the agreement, to go over it with Mr. Dratel, and to have all
17  of your questions answered?

18          THE DEFENDANT:  Yes.

19          THE COURT:  I'm holding up the original of the
20  agreement and turning to the last page.  Is that your
21  signature, sir, over there on the left-hand side, where I'm
22  pointing, under the words "Agreed and consented to"?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Am I correct that your willingness to
25  offer to plead guilty is in part a result of this agreement

1     between you and the government?
2                THE DEFENDANT:  Yes.
3                THE COURT:  Counsel, are there any additional
4     agreements between the defendant and the government that are
5     not set forth in the written plea agreement?
6                MR. TEHRANI:  No, your Honor.
7                MR. DRATEL:  No, your Honor.  Obviously, there are
8     other terms that Mr. Tehrani didn't reach in summarizing, but
9     they are in the document.
10               THE COURT:  Yes, sir.  Thank you.  Very well, the
11    agreement is acceptable to the Court.
12               Mr. Henderson, have you been induced to offer to plead
13    guilty as a result of any fear, pressure, force of any kind?
14               THE DEFENDANT:  No.
15               THE COURT:  Have you been induced to offer to plead
16    guilty as a result of any statements by anyone other than in
17    your written plea agreement to the effect that you would get
18    special treatment or special leniency or some kind of special
19    consideration if you pleaded guilty rather than going to trial?
20               THE DEFENDANT:  No.
21               THE COURT:  Do you understand that you have the right
22    to continue in your plea of not guilty and proceed to trial?
23               THE DEFENDANT:  Yes.
24               THE COURT:  Do you understand that if you do not plead
25    guilty, you have a right to a speedy and public trial by a jury

1    of 12 persons?

2             THE DEFENDANT:  Yes.

3             THE COURT:  Do you understand that you have the right
4    to be represented by an attorney at trial and at every stage of
5    the proceedings, including an appeal, and if you cannot afford
6    an attorney, one will be appointed to represent you free of
7    charge?

8             THE DEFENDANT:  Yes.

9             THE COURT:  Do you understand that if your plea of
10   guilty is accepted, there will be no further trial of any kind?

11            THE DEFENDANT:  Yes.

12            THE COURT:  Do you understand that if you pleaded not
13   guilty and went to trial, upon such a trial you would be
14   presumed innocent unless and until the government proved your
15   guilt beyond a reasonable doubt to all 12 jurors?

16            THE DEFENDANT:  Yes.

17            THE COURT:  Do you understand that at such a trial you
18   would have the right to confront and cross-examine all of the
19   witnesses called by the government against you?

20            THE DEFENDANT:  Yes.

21            THE COURT:  Do you understand that at such a trial you
22   could remain silent and no inference could be drawn against you
23   by reason of your silence or, if you wanted to, you could take
24   the stand and testify in your own defense?

25            THE DEFENDANT:  Yes.

1   THE COURT:  Do you understand that at such a trial you
2   would have the right to subpoena witnesses and evidence for
3   your own defense?
4   THE DEFENDANT:  Yes.
5   THE COURT:  Do you understand that if your offer to
6   plead guilty is accepted, you give up these rights with respect
7   to that charge against you and the Court may impose sentence
8   just as though a jury had brought in a verdict of guilty
9   against you?
10  THE DEFENDANT:  Yes.
11  THE COURT:  Do you understand that if you wanted to
12  and if the government agreed, you could have a trial before a
13  judge without a jury, in which event the burden of proof would
14  still be on the government and you would still have the same
15  constitutional rights?
16  THE DEFENDANT:  Yes.
17  THE COURT:  Do you understand, sir, that upon your
18  plea of guilty to Count One, the Court has the power to impose
19  upon you a maximum sentence of 20 years' imprisonment, a
20  maximum fine of the greatest of $1 million, twice the gross
21  pecuniary gain derived from the offense or twice the gross
22  pecuniary loss resulting from the offense, a maximum period of
23  supervised release of life, a mandatory minimum period of
24  supervised release of 3 years, and a mandatory $100 special
25  assessment?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Do you also understand, sir, that upon
3   your plea of guilty to Count One, in addition to the other
4   punishments I just mentioned, the Court must order you to make
5   restitution?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Sir, do you also understand that if the
8   terms and conditions of supervised release are violated, you
9   may be required to serve an additional period of imprisonment
10  which is equal to the period of supervised release with no
11  credit or time off for time already spent on supervised
12  release?

13         THE DEFENDANT:  Yes.

14         THE COURT:  Have you discussed the sentencing
15  guidelines with your attorney?

16         THE DEFENDANT:  Yes.

17         THE COURT:  Do you understand that the Court will not
18  be able to determine exactly what guideline applies to your
19  case until after a pre-sentence report has been concluded and
20  you and Mr. Dratel and the government have had a chance to read
21  it and to challenge the facts that are set out there by the
22  probation officer?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Do you understand also that in determining
25  a sentence, it is the Court's obligation to calculate the

1   applicable sentencing guidelines range and then to consider
2   that range, possible departures from that range under the
3   guidelines, and other sentencing factors set out in the statute
4   18 United States Code section 3553(a)?
5            THE DEFENDANT:  Yes.
6            THE COURT:  Do you understand that under some
7   circumstances, as set forth in your plea agreement, you or the
8   government might have the right to appeal whatever sentence is
9   imposed?
10           THE DEFENDANT:  Yes.
11           THE COURT:  Do you also understand that parole has
12  been abolished, so if you are sentenced to prison, you will not
13  be released on parole?
14           THE DEFENDANT:  Yes.
15           THE COURT:  Do you understand that you will not be
16  able to withdraw your plea on the ground that your lawyer's
17  prediction or anybody else's prediction as to the applicable
18  sentencing guidelines range or as to the actual sentence turns
19  out not to be correct?
20           THE DEFENDANT:  Yes.
21           THE COURT:  Do you understand that the offense to
22  which you are pleading guilty is a felony?
23           THE DEFENDANT:  Yes.
24           THE COURT:  Sir, are you fully satisfied with the
25  advice, counsel, and representation given to you by your

1   attorney, Mr. Dratel?

2               THE DEFENDANT:  Yes.

3               THE COURT:  Do I correctly understand that you are

4   offering to plead guilty because you are in fact guilty?

5               THE DEFENDANT:  Yes.

6               THE COURT:  If you wish to plead guilty, sir, I'm

7   going to ask you to tell me what you did.  As you can see, your

8   answers will be made in Mr. Dratel's presence and your answers

9   will be recorded on the record.  I remind you also that you are

10  still under oath, so if you answer falsely, your answers may

11  later be used against you.  Do you understand, sir?

12              THE DEFENDANT:  Yes.

13              THE COURT:  Do you still wish to plead guilty?

14              THE DEFENDANT:  Yes.

15              THE COURT:  Tell me what you did, Mr. Henderson.

16              THE DEFENDANT:  I conspired with others to sell crack

17  cocaine.

18              THE COURT:  When was that, sir?

19              THE DEFENDANT:  2011, 2012.

20              THE COURT:  Where did that take place?

21              THE DEFENDANT:  It took place in the Bronx, 143rd

22  Street and Morris Avenue.

23              THE COURT:  You understood that that was unlawful,

24  right?

25              THE DEFENDANT:  Yes.

1              THE COURT:  Thank you.

2              Mr. Tehrani, does the government represent that it has

3    sufficient evidence to make a prima facie case?

4              MR. TEHRANI:  Yes, your Honor.

5              THE COURT:  Mr. Dratel, do you know of any valid legal

6    defense that would prevail if Mr. Henderson went to trial?

7              MR. DRATEL:  No, your Honor.

8              THE COURT:  Do you know of any reason why he should

9    not plead guilty?

10             MR. DRATEL:  No, your Honor.

11             THE COURT:  Very well.  The plea is accepted.  It is

12   finding of the Court in the case of United States against Kevin

13   Henderson that the defendant is fully competent and capable of

14   entering an informed plea and that his plea of guilty is

15   knowing and voluntary and is supported by an independent basis

16   in fact containing each and every essential element of the

17   offense.  My findings are based upon Mr. Henderson's allocution

18   and, in addition, upon my observations of him here in court

19   today.

20             The plea of not guilty is withdrawn.  The plea of

21   guilty is accepted and shall be entered.  The defendant is now

22   adjudged to be guilty of the offense.

23             Mr. Henderson, as you know, you will be required to

24   meet with the probation officer and to give the officer certain

25   information to be included in the pre-sentence report.  Mr.

1    Dratel may be present with you when you meet with the probation
2    officer if you want, but certainly both you and he and the
3    government will have a chance to read the pre-sentence report
4    prior to sentencing.
5              Sentencing will be on October 21 at 11:30.
6              MR. DRATEL:  Your Honor, I don't think it matters
7    anymore, but I would like to be present for the pre-sentence
8    interview.
9              THE COURT:  Yes, sir.
10             Is there anything else today, gentlemen?
11             MR. TEHRANI:  Nothing for the government.  Thank you,
12   your Honor.
13             MR. DRATEL:  Nothing, your Honor.  Thank you.
14             THE COURT:  Thank you, gents.  Good afternoon.
15             (Adjourned)
16
17
18
19
20
21
22
23
24
25